UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FAMA L.,<br><br>                    Plaintiff,<br><br>       v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>                    Defendant. | Case No. C20-1376-SKV<br><br>ORDER REVERSING THE COMMISSIONER'S DECISION |

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

                              BACKGROUND

Plaintiff was born in 1966, has a high school diploma and one year of technical college education, and previously worked as an in-home nursing care provider and medical receptionist. AR 85-88. Plaintiff was last gainfully employed in 2011. AR 87.

In November and December 2016, Plaintiff applied for benefits, alleging disability as of April 1, 2011.[1]  AR 327-34.  Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing.  AR 242-45, 247-56.  After the ALJ conducted a hearing in August 2019 (AR 81-111), the ALJ issued a decision finding Plaintiff not disabled.  AR 15-29.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since her amended alleged onset date.

**Step two**: Plaintiff has the following severe impairments: obesity, bilateral hip osteoarthritis, degenerative disc disease of the spine, asthma, chronic skin infections secondary to heroin injections, neurocognitive disorder, depression, anxiety, and post-traumatic stress disorder ("PTSD").

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity ("RFC")**: Plaintiff can perform light work with additional limitations: she can frequently climb ramps and stairs, and can occasionally climb ladders, ropes, or scaffolds.  She can frequently stoop, kneel, and crouch and can occasionally crawl.  She must avoid concentrated exposure to extreme cold, extreme heat, wetness, humidity, vibration, pulmonary irritants (such as fumes, odors, gases, and poor ventilation), and hazards (such as dangerous machinery and unprotected heights).  She can understand, remember, and carry out simple instructions and exercise simple workplace judgment.  She can perform work that is learned on the job in less than 30 days by short demonstration and practice and repetition.  She can respond appropriately to supervision, but should not be required to work in close coordination with co-workers where teamwork is required.  She can deal with occasional changes in the work environment and can work in jobs that require only casual interaction or contact with the general public.

**Step four**: Plaintiff cannot perform past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

---

[1] Plaintiff amended her alleged onset date to December 1, 2014.  AR 84.
[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P, App. 1.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 2

AR 15-29.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4.

**LEGAL STANDARDS**

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

//

## DISCUSSION

Plaintiff argues the ALJ erred in assessing certain medical opinions, which led to an erroneous RFC assessment. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.  The ALJ Erred in Assessing Medical Opinion Evidence

Plaintiff contends that the ALJ erred in discounting the opinions of examining physician Beverly Shapiro, M.D.; and treating psychiatric nurse Cole Brower, ARNP. Plaintiff also argues that the ALJ erred in collectively finding multiple other medical opinions to be inconsistent with and unsupported by the record. The Court will address each disputed opinion in turn.

#### 1.  Legal Standards[4]

Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

#### 2.  Dr. Shapiro

Dr. Shapiro examined Plaintiff in May 2017 and wrote a narrative report describing Plaintiff's symptoms and limitations. AR 2241-46. Dr. Shapiro opined that Plaintiff "can lift and carry 10 pounds occasionally and less than 10 pounds frequently, stand and walk for 2 hours in an 8-hour day, and sit for 6 hours in an eight-hour day." AR 2246. The ALJ found Dr.

---

[4] Because Plaintiff applied for disability before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

Shapiro's conclusion to be "somewhat supported" by the examination findings of decreased range of motion, but "not entirely consistent with [Plaintiff's] entire treatment history, as [she] was able to go on vacation to Hawaii and manage her activities of daily living."  AR 26.

Plaintiff contends that the ALJ erred in discounting Dr. Shapiro's opinion based on inconsistent activities because neither of the activities identified by the ALJ is inconsistent with the limitations described by Dr. Shapiro.  Dkt. 17 at 3-6.  The Commissioner counters that the ALJ also provided two other reasons to discount Dr. Shapiro's opinion, and that all three of the ALJ's reasons are sufficient.  Dkt. 19 at 4-6.  The Court's reading of the ALJ's decision diverges from the Commissioner's.  First, the Court does not agree with the Commissioner that the ALJ's finding that Dr. Shapiro's opinion was "somewhat supported" by range-of-motion findings implies that other (unspecified) findings were inconsistent with Dr. Shapiro's conclusions.  *See* Dkt. 19 at 4.  The Commissioner contends that the ALJ "reasonably" found that the "largely normal" findings contained in Dr. Shapiro's opinion report fail to corroborate the limitations she described (*id*.), but the ALJ did not himself provide this line of reasoning.  The ALJ did indicate that Dr. Shapiro's opinion was "somewhat supported," but did not identify any particular evidence that failed to support her conclusion, and contrasted that support with a finding that Dr. Shapiro's findings were inconsistent with other evidence; the use of "however" to set off the finding of inconsistency suggests that the ALJ did not intend to also discount Dr. Shapiro's conclusions as unsupported.  *See* AR 26.

Second, the Commissioner contends that the ALJ found Dr. Shapiro's opinion to be inconsistent with many normal findings contained in Plaintiff's longitudinal treatment record. Dkt. 19 at 5.  The ALJ did refer to Plaintiff's "treatment history," but did not refer to any particular medical findings and focused the reader's attention only on Plaintiff's ability to

ORDER REVERSING THE COMMISSIONER'S
DECISION - 5

vacation in Hawaii and manage her activities of daily living. *See* AR 26. The Court does not read this sentence as referring to any particular aspect of Plaintiff's treatment history other than notes documenting her activities.

Accordingly, the Court reads the ALJ's decision as providing one reason to discount Dr. Shapiro's opinion: because the ALJ found it to be inconsistent with Plaintiff's ability to vacation in Hawaii and manage her activities of daily living. *See* AR 26. This reason is not legitimate because neither of these activities is reasonably inconsistent with the lifting, walking, or sitting restrictions indicated in Dr. Shapiro's opinion. The vacation activities highlighted by the Commissioner (Dkt. 19 at 6 (citing AR 2260)) appear to be primarily seated activities; it would be unreasonable to assume that more than two hours of walking would be required in attending those activities, including the luau, hula show, or tour. None of Plaintiff's activities of daily living necessarily require more lifting, walking, or sitting than indicated by Dr. Shapiro, either: the Commissioner points (Dkt. 19 at 5) to Plaintiff's ability to manage her personal care, cook, clean, and do the dishes and laundry, but does not identify any evidence reasonably suggesting that these activities involve lifting more than 10 pounds, sitting more than six hours, or walking more than two hours. Because the ALJ failed to identify activities that reasonably undermine Dr. Shapiro's opinion, the Court finds that the ALJ failed to provide a legitimate basis for discounting this opinion.

Although the Commissioner identifies various parts of the record that are arguably inconsistent with Dr. Shapiro's opinion (Dkt. 19 at 4-5), the ALJ did not point to that evidence as a basis for discounting Dr. Shapiro's opinion and the Court is constrained to review the reasons provided in the ALJ's decision. Because the ALJ's stated reasoning is not legitimate, the ALJ must reconsider Dr. Shapiro's opinion on remand.

### 3. Mr. Brower

Mr. Brower wrote a letter in January 2018 explaining why Plaintiff required transportation assistance to attend medical appointments. AR 1778. The ALJ gave some weight to Mr. Brower's letter, but noted that it did not "provide a detailed level of limitation and does not consider the claimant's entire mental health history." AR 26.

Plaintiff argues that the ALJ erred in discounting Mr. Brower's opinion on this basis, but the Court finds that any error in assessing Mr. Brower's opinion is harmless because the only functional limitation it explicitly identifies is that Plaintiff cannot access public transportation. *See* AR 1778. The ALJ's RFC assessment does not require Plaintiff to access public transportation. *See* AR 21. Because Mr. Brower's letter is consistent with the ALJ's RFC assessment, any error related to the ALJ's assessment of Mr. Brower's letter is harmless.[5] *See Turner v. Comm'r of Social Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ need not provide reason for rejecting physician's opinions where ALJ incorporated opinions into RFC; ALJ incorporated opinions by assessing RFC limitations "entirely consistent" with limitations assessed by physician).

### 4. Other Treating and Examining Opinions

The ALJ noted that the record contained "other mental impairment opinion statements" describing "marked to extreme mental limitations." AR 27 (citing AR 1704-77, 2458-69). The ALJ gave little weight to these statements, finding them "not consistent with the claimant's reported level of limitation in her function report" and not "supported by her consultative examination results or medical record." AR 27.

---

[5] The record also contains a nearly identical letter from Mr. Brower from March 2019. *See* AR 2462. To the extent that Plaintiff argues that the ALJ erred in assessing this letter (Dkt. 17 at 14), any error is harmless because, again, this letter is not inconsistent with the ALJ's RFC assessment.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 7

1    Plaintiff suggests that the ALJ erred in considering these opinions together as a group, discounting them "in one fell swoop[.]" Dkt. 17 at 8. Plaintiff has cited no authority precluding the ALJ's collective treatment of medical opinions, and the Court is not aware of any, so long as the reasons the ALJ provided for discounting the opinions legitimately applies to all of the opinions referenced. Accordingly, the Court will assess the sufficiency of the ALJ's reasoning to each of the opinions referenced in this section of the ALJ's decision.

a.    James Czysz, Psy.D.

Dr. Czysz examined Plaintiff in December 2014 and completed a DSHS form opinion describing her symptoms and limitations. AR 1752-58. Dr. Czysz identified several marked functional limitations as to Plaintiff's ability to maintain a schedule, communicate and behave appropriately, and complete a workday (AR 1754), and noted abnormal mental status examination findings as pertaining to concentration, memory, and thought process (AR 1756).

The ALJ did not err in finding that Dr. Czysz's opinion was inconsistent with the consultative examination report of George Ankuta, Ph.D. Dr. Ankuta found that Plaintiff retained adequate attention and concentration, and could "sustain the pace of competitive work." AR 2251. Dr. Ankuta also found that Plaintiff "could likely function socially in a competitive work situation." *Id*. Dr. Ankuta also suspected that Plaintiff was exaggerating her PTSD symptoms in order to obtain benefits. *Id*. Furthermore, the ALJ cited some normal mental status examination findings contained in treatment notes. *See* AR 24 (citing AR 2200-28, 2257-58, 2260). These findings are inconsistent with Dr. Czysz's findings and conclusions, and the ALJ did not err in discounting Dr. Czysz's opinion on this basis. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with the record properly considered by ALJ in rejection of physician's opinions).

b.  Tasmyn Bowes, Psy.D.

Dr. Bowes examined Plaintiff in November 2016 and completed a DSHS form opinion describing Plaintiff's symptoms and limitations, noting several marked functional limitations and many abnormal mental status examination results.  AR 1704-09.

As found with respect to Dr. Czysz's opinion, Dr. Ankuta's opinion and the normal mental status examination findings of treatment providers are inconsistent with Dr. Bowes's conclusions as well, and the ALJ did not err in discounting Dr. Bowes's opinion on this basis.

c.  J. Alex Crampton, Psy.D.

Dr. Crampton examined Plaintiff in November 2018 and completed a DSHS form opinion describing Plaintiff's symptoms and limitations, noting several marked functional limitations and many abnormal mental status examination results.  AR 2464-69.

As found with respect to Dr. Czysz's opinion and Dr. Bowes's opinion, Dr. Ankuta's opinion and normal mental status examination findings of treatment providers are inconsistent with Dr. Crampton's conclusions as well, and the ALJ did not err in discounting Dr. Crampton's opinion on this basis.

d.  James Hopfenbeck, M.D.

Dr. Hopfenbeck completed a mental RFC assessment form in July 2019, indicating many disabling limitations.  AR 2458-60.  There is no evidence that Dr. Hopfenbeck ever treated or examined Plaintiff, but he may have reviewed Plaintiff's treatment records from other providers at his clinic.  *See* Dkt. 17 at 12.

Dr. Hopfenbeck's unexplained checkbox opinion is inconsistent with Dr. Ankuta's opinion and normal findings in the treatment record for the same reasons explained with respect to Dr. Czysz's, Dr. Bowes's, and Dr. Crampton's opinions.  The ALJ did not err in discounting

Dr. Hopfenbeck's opinion as inconsistent with the record.

e.      Marci Andrews, LMHCA

Ms. Andrews wrote a letter in July 2019 describing Plaintiff's symptoms resulting from her PTSD and depression. AR 2463. The letter does not describe any particular functional limitations, and the ALJ's RFC assessment is reasonably consistent with the symptoms Ms. Andrews describes. Thus, any error in the ALJ's assessment of Ms. Andrews's letter is harmless. *See Turner*, 613 F.3d at 1223.

For all of these reasons, the Court finds that the ALJ erred with respect to Dr. Shapiro's opinion, but did not err with respect to any of the other challenged opinions. Although Plaintiff requests, in the alternative, a remand for a finding of disability (Dkt. 17 at 18), Plaintiff makes no meaningful attempt to show that this extraordinary remedy would be appropriate under the circumstances of this case. *See Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule."). Thus, the Court orders that this case be remanded for further administrative proceedings.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

Dated this 30th day of July, 2021.

_S. Kate Vaughan_
S. KATE VAUGHAN
United States Magistrate Judge

ORDER REVERSING THE COMMISSIONER'S
DECISION - 10